UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMIE D. DUNBAR,

                Plaintiff,

         v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

CASE NO. C16-5918-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for an award of attorney fees (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS Plaintiff's motion (Dkt. No. 17) for the reasons explained herein.

I.      **BACKGROUND**

Plaintiff appealed the Commissioner of Social Security's ("Defendant") denial of her application for disability benefits. (Dkt. No. 1-1.) The Court reversed the Commissioner's final decision and remanded the matter for further administrative proceedings. (Dkt. No. 14 at 1.) The Court determined the administrative law judge ("ALJ") failed to consider relevant opinions of Plaintiff's treating physicians as well as certain lay witness testimony. (*See generally id.*) Although Plaintiff prevailed, the Court rejected one of her claims on appeal. (*Id*. at 15–16) ("Ms.

1    Dunbar recite[d] a long list of other medical evidence which she argues supports her

2    interpretation of the evidence, i.e., that she is disabled . . . [h]owever, this conclusory argument

3    fails to explain how the ALJ harmfully erred in evaluating, or failing to evaluate, the recited

4    evidence.").

5        Plaintiff now moves for an award of attorney fees in the amount of $8,561.71 and

6    expenses of $5.70, pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412

7    ("EAJA"). (Dkt. No. 17 at 1.) Defendant concedes that Plaintiff is entitled to EAJA attorney fees,

8    but argues that the amount requested is unreasonable. (Dkt. No. 18 at 1.) Defendant asks the

9    Court to reduce the award by $4,177.40 to account for 19.5 hours of what it deems "unnecessary

10   billing" Plaintiff's counsel spent on her opening brief. (*Id*. at 3.) In addition to objecting to

11   Defendant's request, Plaintiff asks the Court to order Defendant to pay its attorney fees and

12   expenses for having to file a reply in opposition. (Dkt. No. 19 at 7.)

13   **II.    DISCUSSION**

14       Under EAJA, attorney fee awards must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *see also,*

15   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[i]t remains for the district court to determine what

16   fee is 'reasonable.'"). To determine the amount of a reasonable fee, a court starts with "the number of

17   hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433

18   n.7. From this calculation, the Court should exclude hours that were not "reasonably expended." *Id*.

19   at 434.  However, the "important factor of the 'results obtained'" may lead a district court to adjust a

20   fee. *Id.*

21       Defendant argues that Plaintiff's EAJA award should be reduced for hours that Plaintiff's

22   counsel allegedly spent on claims that were not ultimately successful on appeal. (Dkt. No. 18 at 1.)

23   Defendant points to 19.5 hours Plaintiff reported for drafting her opening brief—time that is

24   categorized as reviewing and incorporating "Dunbar's testimony" and "the documentary evidence"

25   into the brief. (Dkt. No. 17-3 at 1.) Defendant notes that the Court rejected Plaintiff's argument that

26   the ALJ failed to consider "other medical evidence" that was consistent with the opinions of her

treating physicians. (Dkt. No. 18 at 2.) The Court also noted that Plaintiff's claim was conclusory because it failed to explain how the ALJ harmfully erred in evaluating or failing to evaluate the recited evidence. (Dkt. No. 14 at 15–16.) Defendant concludes that it was therefore unreasonable for Plaintiff's counsel to expend 19.5 hours on arguments that were ultimately rejected. (Dkt. No. 18 at 2.)

The Court concludes that Defendant's proposed reduction is overly harsh. Ostensibly, Defendant is asking the Court to subtract all of the initial research and drafting that Plaintiff's counsel expended on her opening brief. (Dkt. No. 18 at 2.) The Court does not believe that the entire 19.5 hours of work Defendant identifies necessarily went to preparing sections of the opening brief that were unavailing. Furthermore, it is impossible for the Court to parse counsel's billing records to determine what amount of time went toward preparing an argument that was ultimately unsuccessful on appeal. Defendant's proposed reduction is especially harsh when considering that Plaintiff prevailed on appeal and her case was remanded for additional proceedings. *See Hensley,* 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.")

Rather than view the 19.5 hours in isolation, the Court asks whether the total amount of time Plaintiff's counsel spent drafting the opening brief was reasonable. Plaintiff's counsel reported expending 28.1 hours on drafting the opening brief. (Dkt. No. 14-3.) That figure is out of a total of 41.8 hours spent on the entire case. (*Id.*) The Court concludes that 28.1 hours was a reasonable figure given the success achieved by Plaintiff. There is no evidence to suggest that Plaintiff's counsel made arguments in her opening brief that were not in good faith. Moreover, the total time expended is consistent with similar cases heard by this Court. *See, e.g.*, *Vanderslice v. Berryhill*, Case No. C16-5293-JCC, Dkt. No. 24 (W.D. Wash. Mar. 14, 2018) (25.1 hours expended on opening brief); *Goodman v. Colvin*, Case No. C16-0285-JCC, Dkt. No. 25 (W.D. Wash. Sep. 19, 2017) (29.8 hours expended on opening brief). The Court concludes that it would be arbitrary to lower the award based

1  on a single argument that was ultimately rejected by the Court.

2       The Court DENIES Plaintiff's additional request for attorney fees and expenses for having to

3  oppose Defendant's motion because the Government's position was not unreasonable. (Dkt. No. 19

4  at 7.)

5  **III.  CONCLUSION**

6       For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 17) is

7  GRANTED. Plaintiff is awarded attorney fees in the amount of $8,561.71 and expenses of $5.70.

8       If it is determined that Plaintiff's EAJA fees are not subject to any offset allowed under

9  the Department of the Treasury's Offset Program, then the check for EAJA fees shall be made

10  payable to Eitan Kassel Yanich, based upon Plaintiff's assignment of these amounts to Plaintiff's

11  attorney. Any check for EAJA fees shall be mailed to Plaintiff's counsel, Eitan Kassel Yanich, at

12  203 Fourth Avenue E., Suite 321, Olympia, WA. 98501. The Clerk is DIRECTED to send copies

13  of this order to counsel of record.

14       DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C16-5918-JCC
PAGE - 4